1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| GEORGE A. BARNETT, | ) | Civil No.05-0740 WQH (BLM) |
| Plaintiff, | ) | |
| | ) | **ORDER ADOPTING REPORT AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

HAYES, Judge:

Plaintiff George A. Barnett seeks judicial review of the Social Security Administration's

decision denying his claim for disability insurance benefits.  This Court referred the case to the

Honorable Barbara L. Major, United States Magistrate Judge, for report and recommendation

pursuant to 28 U.S.C. § 636(b)(1).  The parties filed cross-motions for summary judgment.

Plaintiff seeks an order reversing Defendant's decision and awarding benefits, or alternatively,

an order remanding the case for further proceedings pursuant to 42 U.S.C § 405(g).  Defendant

seeks an order affirming the administrative law judge's decision to deny benefits.  On July 03,

2006, Judge Major issued a Report and Recommendation ("R&R") detailing the reasons why

Plaintiff's summary judgment motion should be denied and Defendant's summary judgment

motion should be granted.  The parties were permitted to file objections to the R&R on or before

05CV0740

July 21, 2006 and reply to the objections on or before August 11, 2006.  On July 21, 2006, Plaintiff filed objections to the R&R.  Defendant did not file objections or a Reply.  The Court now issues the following rulings.

## BACKGROUND

The Court incorporates by reference the background set forth in the report and recommendation.  Plaintiff George Barnett is a fifty-eight year old male with a college education.  Plaintiff's past work includes a manager and co-owner of an Inn, a senior program manager, a system's trainer, and a Naval flight officer.  Plaintiff last worked on a part time basis as a senior program manager doing government contract work in January of 2003.  Plaintiff has a history of chronic intractable cough and severe headaches.  A brain MRI in 2001 revealed that Plaintiff had a bilateral subdural hematoma.  Plaintiff was prescribed OxyContin and Depakote by his treating neurologist, Dr. Wang, to suppress his intractable cough and headaches.

Dr. Wang has treated Plaintiff since 2001.  *See* AR 131.  Dr. Wang  stated that Plaintiff was taking 60 to 70 mg of Oxycontin and 500 mg of Depokte daily to control the headaches and coughs, and that he would need to continue taking the medication daily for the foreseeable future.  *Id.*  Dr. Wang further opined that Plaintiff was "medically controlled and stable" but could not be gainfully employed in the foreseeable future.  *Id.*

Plaintiff's general practitioner, Dr. Lee Ralph, also reported the Plaintiff's headaches were constant and at a severity level of ten.  *See* AR 207.   Dr. Ralph opined that Plaintiff can sit for no more than fifteen minutes at a time and that Plaintiff can stand for no more than thirty minutes at a time. Id. at 208.  Within an eight hour work day, Dr. Ralph expects that Plaintiff can sit or stand for less than two hours.  *Id.*  Dr. Ralph opined that Plaintiff must take a ten minute walk every fifteen minutes, and that Plaintiff can carry up to ten pounds.  *Id.*

Plaintiff testified regarding his daily activities and abilities.  *See* AR 218-221.   Plaintiff testified that he typically wakes up at 7:00  a.m. each morning but then goes back to sleep at 1:00 p.m.  Plaintiff then wakes up at about 4:00 p.m. and goes back to sleep about 8:00 or 9:00 p.m.  *See* AR 218.  Plaintiff testified that while awake, he can drive a car, complete household chores and engage in volunteer work.  *See* AR 219, 221.  On Mondays, Plaintiff cleans animal

05CV0740

cages at an animal shelter.  *See* AR 219-220.  Every fourth Thursday of the month, Plaintiff takes animals to visit patients at the VA hospital.  *Id.*  Approximately once a week, Plaintiff visits elderly persons at nursing homes.  *Id.*  Plaintiff also teaches grief recovery classes to church members once every week.  *See* AR 220-221.

The VA issued Plaintiff a rating of disabled.  The certification letter documenting the VA's disability rating is dated December 19, 2002.  AR 121.  At the time of the VA disability rating determination, Plaintiff was taking 140 mg of OxyContin daily.  *See Id.*  By 2004, the time of the Administrative hearings,  Plaintiff's intake of OxyContin had been reduced to 60-100 mg daily.  *See* AR 17.  Plaintiff testified that he had not experienced head or back pain in years, and that fatigue was his only limitation. AR 221; AR 229.  Plaintiff testified that he had looked for work, but had not found a job that was sufficiently self-satisfying and high-paying.  *Id.*

The Administrative Law Judge found Plaintiff capable of performing past relevant work and therefore not disabled within the meaning of the Social Security Act.  The Magistrate Judge issued a Report and Recommendation detailing the specific reasons stated by the Administrative Law Judge and found in the record why Plaintiff is not disabled within the meaning of the Social Security Act.  The Court now issues the following order adopting the Report and Recommendation.

### STANDARD OF REVIEW

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  When no objections are filed, the district court may assume the correctness of the magistrate judge's factual findings and decide the motion on the applicable law.  *See Campbell v. United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974).  Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings;

1  conclusions of law must still be reviewed de novo."  *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th

2  Cir. 1989).

### DISCUSSION

4      Plaintiff makes one objection to the R&R.  Plaintiff argues that "[t]he ALJ gave no

5  persuasive, specific, valid reasons for giving less weight to the VA's rating of 100% disability."

6  *See* Objections at 1.  Plaintiff argues that "the ALJ may give less weight to a VA disability

7  rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record.

8  *McCartey v. Massanari,* 298 F.3d 1072, 1076 (9th Cir. 2002).  In the instant case the ALJ claims

9  the 'opinions of the VA physicians are given great weight.'" *Id.*  Plaintiff further argues that it

10  would be error for the Court to adopt the Report and Recommendation's independent findings

11  based on evidence that the ALJ did not discuss.  *See* Objections at 2.

12      In *McCartey*, the Ninth Circuit held, "[b]ecause the VA and SSA criteria for determining

13  disability are not identical, however, the ALJ may give less weight to a VA disability rating if he

14  gives persuasive, specific, valid reasons for doing so that are supported by the record."

15  *McCartey v. Massanari* , 298 F.3d at 1076 (9th Cir. 2002).  In *McCartey*, the ALJ failed to

16  mention the VA rating altogether in the opinion.  *Id.*

17      In the instant case, the ALJ stated that the opinions of the VA physicians are given great

18  weight because they are consistent with the testimony of the claimant regarding his activities and

19  the progress notes of his treating physicians.  AR at 17.   The ALJ further recognized the VA's

20  finding that the Plaintiff was 100% disabled, stating that he accorded the VA finding "great

21  weight." AR at 17.   However, the ALJ ultimately decided that Plaintiff was not disabled within

22  the meaning of the Social Security Act based on a totality of the evidence.  The ALJ considered

23  the progress notes from VA physicians, the notes and conclusions of the treating physicians, and

24  Plaintiff's own testimony, when making his determination.

25      The ALJ specifically discussed many of the factors considered in his opinion.  *See* AR

26  13-19.  For example, the ALJ discussed Plaintiff's sleeping schedule, volunteer work, ability to

27  do chores, the amount of OxyContin Plaintiff was taking as of the date of the hearing, and the

28  fact that Plaintiff stated that he had not found work that would make him enough money or

would be self-satisfying enough.  The ALJ took the opinions of the treating physicians and state medical physicians into account when issuing his decision, but ultimately found that Plaintiff was capable of performing past relevant sedentary work within the meaning of the Social Security Regulations.  Thus, contrary to Plaintiff's Objections, the Court finds that the ALJ gave persuasive, specific, valid reasons for rejecting the VA's disability rating that are supported by the record, and the Magistrate Judge did not error in recommending that Defendant's Motion for Summary Judgment be granted in favor of Defendant.

<strong>CONCLUSION & ORDER</strong>

Accordingly, the Court (1) **ADOPTS** the Report and Recommendation in its entirety, (2) **DENIES** Plaintiff's motion for summary judgment and (3) **GRANTS** Defendant's motion for summary judgment.  The Clerk of the Court shall enter judgment in accordance with this order.

**IT IS SO ORDERED.**

DATED:  September 6, 2006

**WILLIAM Q. HAYES**
United States District Judge

05CV0740